FILED
2024 Jun-24  PM 04:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| BRIDGETT WATSON ADAMS, *et al.* ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | JURY TRIAL DEMANDED |
| 3M COMPANY, *et al.* ) | |
| ) | |
| *Defendants*. ) | |

**DEFENDANT 3M COMPANY'S**
**ANSWER**

Defendant 3M Company ("3M") submits this Answer and Affirmative and Other Defenses to Plaintiffs' Complaint. 3M denies each and every allegation contained in the Complaint except as may be hereinafter admitted, qualified, or explained, and states and alleges as follows:

To the extent any allegations in the Complaint relate to the health effects of per- and polyfluoroalkyl substances ("PFAS"), 3M denies each and every one of those allegations on the basis that a causal connection has not been established between exposure to any PFAS at levels typically found in the environment and any human health effects.

## PARTIES

1.      3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.      3M admits that it is a foreign corporation organized under the laws of Delaware and qualified to do business in the state of Alabama. 3M denies any remaining allegations contained in Paragraph 2.

3.      3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore denies the same.

## FACTS

4.      3M admits that some per- and polyfluoroalkyl substances ("PFAS") are human-made compounds that were used in consumer products and had industrial uses for decades.  3M denies the remaining allegations contained in Paragraph 5, including on the basis that they are incomplete and/or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

5.      3M admits that PFOS and PFOA, as well as their salts, ionic states, and acid forms, are PFAS.  3M denies the remaining allegations contained in Paragraph 5, including on the basis that they are incomplete and/or incorrect descriptions of

complex scientific and technical matters and therefore the proper subject of expert testimony.

6.     3M admits that it operated a manufacturing facility in Decatur, Alabama at which it manufactured and/or used certain per- and polyfluoroalkyl substances ("PFAS").  3M denies the remainder of the allegations contained in Paragraph 6 as to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6, and therefore denies the same.

7.     Paragraph 7 purports to reference a "2016 Health Advisory" and/or statements allegedly made by the EPA.  3M avers that any such health advisory and/or statements speak for themselves, and 3M denies any characterization inconsistent with any such advisory and/or statements.  3M expressly denies that a causal connection between exposure to PFOA or PFOS and any health effects in people at levels typically found in the environment has been shown.  3M denies the remainder of the allegations contained in Paragraph 7 as to 3M.

8.     Paragraph 8 purports to reference statements and/or representations made by the EPA.  3M avers that any such statements and/or representations speak for themselves, and 3M denies any characterization inconsistent with those statements and/or representations.  3M expressly denies that a causal connection

between exposure to PFOA or PFOS and any health effects in people at levels typically found in the environment has been shown.

9.     Paragraph 9 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations contained in Paragraph 9.  3M specifically denies that Plaintiffs are entitled to any of the relief sought in this action against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9, and therefore denies the same.

10.     Paragraph 10 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations contained in Paragraph 10.  3M expressly denies that a causal connection between exposure to PFOA or PFOS and any health effects in people at levels typically found in the environment has been shown.  3M specifically denies that Plaintiffs are entitled to any of the relief sought in this action against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10, and therefore denies the same.

11.     3M admits that perfluoroalkyl substances have stable carbon-fluorine bonds.  3M also admits that certain PFAS may persist in the environment and resist degradation under certain conditions and that over time 3M became aware that this characteristic is present in certain PFAS.  By way of further answer, 3M states that

4

each PFAS has varying physical and environmental properties, such as sorption, mobility, and solubility. 3M denies the remaining allegations contained in Paragraph 11, including on the basis that they are incomplete and/or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

12.    3M admits that certain PFAS are capable of persistence, bioaccumulation, and bio-magnification under certain conditions. 3M denies the remaining allegations contained in Paragraph 12, including on the basis that they are incomplete and/or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

13.    3M expressly denies that a causal connection between exposure to PFOA or PFOS and any health effects in people at levels typically found in the environment has been shown. 3M denies any remaining allegations contained in Paragraph 13, including on the basis that they are incomplete and/or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

14.    3M admits that it has, at times, sold certain PFAS-containing products to certain Carpet Manufacturers around Dalton, Georgia. 3M denies Plaintiffs' characterization of its business and the remaining allegations contained in Paragraph 14 as they pertain to 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 14, and therefore denies the same.

15.    Paragraph 15 purports to reference statements and/or representations made by the EPA.  3M avers that any such statements and/or representations speak for themselves, and 3M denies any characterization inconsistent with those statements and/or representations.

16.    3M admits that the Conasauga River is a tributary of the Coosa River, and that Gadsden Water has withdrawn water from the Coosa River and distributed it as drinking water after treatment.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16, and therefore denies the same.

17.    3M expressly denies that a causal connection between exposure to PFOA or PFOS and any health effects in people at levels typically found in the environment has been shown.  3M denies the remaining allegations contained in Paragraph 17, including on the basis that they are incomplete and/or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

18.    Paragraph 18 purports to reference reports and/or representations made by ADEM.  3M avers that any such reports and/or representations speak for

themselves, and 3M denies any characterization inconsistent with those statements and/or representations.

19.    Paragraph 19 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations contained in Paragraph 19.  3M expressly denies that a causal connection between exposure to PFOA or PFOS and any health effects in people at levels typically found in the environment has been shown.

20.    Paragraph 20 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations contained in Paragraph 20.

21.    This paragraph of the Complaint purports to reference reports and/or recommendations made by the EPA.  3M avers that any such reports and/or recommendations speak for themselves, and 3M denies any characterization inconsistent with those statements and/or representations.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21, and therefore denies the same.

22.    Paragraph 22 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations contained in Paragraph 22.

23.    3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and therefore denies the same.

24.    3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and therefore denies the same.

25.    Paragraph 25 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations contained in Paragraph 25.  3M specifically denies that Plaintiffs are entitled to any of the relief sought in this action against 3M.

## COUNT ONE – NEGLIGENCE

26.    3M incorporates its responses to Paragraphs 1-25 of the Complaint as if fully set forth herein.

27.    Paragraph 27 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M admits that it had a duty to comply with applicable law, which speaks for itself.  3M denies any allegations inconsistent with that law.  3M denies any remaining allegations of paragraph 27 as to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27, and therefore denies the same.

28.    Paragraph 28 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 28 as to 3M.  3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 28, and therefore denies the same.

29.    Paragraph 29 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 29 as to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29, and therefore denies the same.

30.    Paragraph 30 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 30 as to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30, and therefore denies the same.

31.    Paragraph 31 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 31 as to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31, and therefore denies the same.

3M denies that Plaintiffs are entitled to any relief included in the demand made directly after Paragraph 31.  3M lacks knowledge or information sufficient to form a belief as to whether Plaintiffs are entitled to any relief requested in the

demand made directly after Paragraph 31 as it pertains to the Fictitious Defendants, and 3M therefore denies the same.

## COUNT TWO – PUBLIC NUISANCE

32.    3M incorporates its responses to Paragraphs 1-31 of the Complaint as if fully set forth herein.

33.    3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33, and therefore denies the same.

34.    Paragraph 34 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 34 as to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34, and therefore denies the same.

35.    Paragraph 35 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 35 as to 3M.  3M expressly denies that a causal connection between exposure to PFOA or PFOS and any health effects in people at levels typically found in the environment has been shown. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35, and therefore denies the same.

36.     Paragraph 36 sets forth legal conclusions to which no response is required.   To the extent a response is required, 3M denies the allegations of Paragraph 36 as to 3M.   3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36, and therefore denies the same.

37.     Paragraph 37 sets forth legal conclusions to which no response is required.   To the extent a response is required, 3M denies the allegations of Paragraph 37 as to 3M.   3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37, and therefore denies the same.

3M denies that Plaintiffs are entitled to any of the relief requested in the demand made directly after Paragraph 37 as it pertains to 3M.   3M lacks knowledge or information sufficient to form a belief as to whether Plaintiffs are entitled to any relief requested in the demand made directly after Paragraph 37 as it pertains to the Fictitious Defendants, and 3M therefore denies the same.

## <u>COUNT THREE – TRESPASS</u>

38.     3M incorporates its responses to Paragraphs 1-37 of the Complaint as if fully set forth herein.

39.     3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 regarding Gadsden's supply of

water to Plaintiffs, and therefore denies the same. 3M denies the remaining allegations contained in Paragraph 39, including on the basis that they are incomplete and/or incorrect descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

40.     Paragraph 40 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 40 as to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40, and therefore denies the same.

41.     Paragraph 41 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 41 as to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41, and therefore denies the same.

42.     Paragraph 42 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and therefore denies the same.

43.     Paragraph 43 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of

Paragraph 43 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43, and therefore denies the same.

44. Paragraph 44 sets forth legal conclusions to which no response is required. To the extent a response is required, 3M denies the allegations of Paragraph 44 as to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44, and therefore denies the same.

3M denies that Plaintiffs are entitled to any of the relief requested in the demand made directly after Paragraph 44 as it pertains to 3M. 3M lacks knowledge or information sufficient to form a belief as to whether Plaintiffs are entitled to any relief requested in the demand made directly after Paragraph 44 as it pertains to the Fictitious Defendants, and 3M therefore denies the same.

## COUNT FOUR – BATTERY

45. 3M incorporates its responses to Paragraphs 1-44 of the Complaint as if fully set forth herein.

46. Paragraph 46 sets forth legal conclusions to which no response is required. To the extent a response is required, 3M admits that it had a duty to comply with applicable law, which speaks for itself. 3M denies any allegations inconsistent with that law. 3M denies any remaining allegations of paragraph 46 as to 3M. 3M

13

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46, and therefore denies the same.

47.    Paragraph 47 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and therefore denies the same.

48.    Paragraph 48 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 48 as to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48, and therefore denies the same.

49.    Paragraph 49 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 49 as to 3M.  3M denies the allegations of Paragraph 49 as to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49, and therefore denies the same.

50.    Paragraph 50 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 50 as to 3M.  3M denies the allegations of Paragraph 50 as to 3M.  3M

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50, and therefore denies the same.

51.    Paragraph 51 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 51 as to 3M.  3M denies the allegations of Paragraph 51 as to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51, and therefore denies the same.

3M denies that Plaintiffs are entitled to any of the relief requested in the demand made directly after Paragraph 51 as it pertains to 3M.  3M lacks knowledge or information sufficient to form a belief as to whether Plaintiffs are entitled to any relief requested in the demand made directly after Paragraph 51 as it pertains to other defendants, and 3M therefore denies the same.

## COUNT FIVE – STRICT LIABILITY – ABNORMALLY DANGEROUS ACTIVITY

52.    3M incorporates its responses to Paragraphs 1-51 of the Complaint as if fully set forth herein.

53.    Paragraph 53 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M admits that it had a duty to comply with applicable law, which speaks for itself.  3M denies any allegations inconsistent with that law.  3M denies any remaining allegations of paragraph 53 as to 3M.  3M

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53, and therefore denies the same.

54.    Paragraph 54 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 54 as to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54, and therefore denies the same.

55.    Paragraph 55 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 55 as to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55, and therefore denies the same.

56.    Paragraph 56 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 56 as to 3M.  3M denies the allegations of Paragraph 56 as to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56, and therefore denies the same.

57.    Paragraph 57 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 57 as to 3M.  3M denies the allegations of Paragraph 57 as to 3M.  3M

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57, and therefore denies the same.

58.    Paragraph 58 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 58 as to 3M.  3M denies the allegations of Paragraph 58 as to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 58, and therefore denies the same.

3M denies that Plaintiffs are entitled to any of the relief requested in the demand made directly after Paragraph 58 as it pertains to 3M.  3M lacks knowledge or information sufficient to form a belief as to whether Plaintiffs are entitled to any relief requested in the demand made directly after Paragraph 58 as it pertains to the Fictitious Defendants, and 3M therefore denies the same.

## COUNT SIX – WANTONNESS AND PUNITIVE DAMAGES

59.    3M incorporates its responses to Paragraphs 1-58 of the Complaint as if fully set forth herein.

60.    Paragraph 60 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M admits that it had a duty to comply with applicable law, which speaks for itself.  3M denies any allegations inconsistent with that law.  3M denies any remaining allegations of paragraph 60 as to 3M.  3M

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 60, and therefore denies the same.

61.    Paragraph 61 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 61 as to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61, and therefore denies the same.

62.    Paragraph 62 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 62 as to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62, and therefore denies the same.

63.    Paragraph 63 sets forth legal conclusions to which no response is required.  To the extent a response is required, 3M denies the allegations of Paragraph 63 as to 3M. 3M denies the allegations of Paragraph 63 as to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63, and therefore denies the same.

3M denies that Plaintiffs are entitled to any of the relief requested in the demand made directly after Paragraph 63 as it pertains to 3M.  3M lacks knowledge or information sufficient to form a belief as to whether Plaintiffs are entitled to any

relief requested in the demand made directly after Paragraph 63 as it pertains to the Fictitious Defendants, and 3M therefore denies the same.

## PRAYER FOR RELIEF

3M denies that Plaintiffs are entitled to any of the relief requested in the Prayer For Relief, including all subparts, as it pertains to 3M.

## JURY DEMANDED

3M demands a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs lack standing to pursue some or all claims.

### THIRD DEFENSE

All or some of Plaintiffs' claims are not ripe.

### FOURTH DEFENSE

Venue is improper, or in the alternative, venue would be more appropriate in another forum.

### FIFTH DEFENSE

3M pleads and asserts lack of jurisdiction.

## SIXTH DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations and/or statute of repose.

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the Doctrine of Laches.

## EIGHTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or part by the doctrine of prescription.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, release, estoppel, consent, license, acquiescence, ratification, *in pari delicto*, and/or unclean hands.

## TENTH DEFENSE

Defendant is entitled to a set-off for any payments or other benefits provided to Plaintiffs by third persons, firms, trusts, or corporations, in settlement of any of Plaintiffs' claims.

## ELEVENTH DEFENSE

To the extent that Plaintiffs have received payment from any alleged joint tortfeasor or otherwise in satisfaction of any of the alleged injuries and/or claims against 3M and/or other alleged tortfeasors, the Plaintiffs' Complaint and each and

every count and cause of action alleged therein is barred by the defense of payment and accord and satisfaction.

## TWELFTH DEFENSE

Plaintiffs have, or may have, failed to join all necessary and proper parties and/or indispensable parties.

## THIRTEENTH DEFENSE

Some or all of the damages sought in Plaintiffs' Complaint constitute impermissibledouble recovery for the alleged injuries.

## FOURTEENTH DEFENSE

Plaintiffs do not allege special damages.  Accordingly, Plaintiffs cannot state a claim for public nuisance under Alabama law.

## FIFTEENTH DEFENSE

Plaintiffs' claims based on nuisance theories are, or may be, barred or limited under the doctrines of "coming to the nuisance," the prior nuisance doctrine, and/or the doctrine of consent.

## SIXTEENTH DEFENSE

3M asserts all rights and defenses available to it under Ala. Code § 6-5-120 et seq.

## SEVENTEENTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrines of res judicata, collateral estoppel, judicial estoppel, and/or prior pending or completed actions and prior judgments.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred to the extent that they have been resolved, settled, and/or released.

## NINETEENTH DEFENSE

3M did not breach any legal duty owed to any of the Plaintiffs.

## TWENTIETH DEFENSE

Any injuries or damages complained of in the Complaint were not caused by Defendant's alleged actions.

## TWENTY-FIRST DEFENSE

Defendant is entitled to a set-off for any payments made to Plaintiffs by third persons, firms, trusts, or corporations, in settlement of any of Plaintiffs' claims.

## TWENTY-SECOND DEFENSE

If it is established that 3M is in any manner legally responsible for any of the damages claimed by Plaintiffs, such damages were proximately contributed to and caused by other defendants, or persons or entities not yet parties to this action, and, 3M is entitled to equitable and applied

indemnity/contribution from each of said other defendants, persons and entities in an amount in direct proportion to the culpable conduct of said other defendants, persons or entities.

### TWENTY-THIRD DEFENSE

To the extent any of the claimed damages have been or will be indemnified in whole or in part from any collateral source, any verdict of judgment against 3M must be reduced by those amounts.

### TWENTY-FOURTH DEFENSE

Defendant denies, to the extent the actions alleged may have occurred, that any person or entity engaging in the activities alleged was acting as the agent or servant of Defendant, or at the instruction or subject to the control of Defendant with regard to any of the actions described in the Complaint. Accordingly, Defendant is not liable for any acts or omissions of such third parties as a matter of law.

### TWENTY-FIFTH DEFENSE

3M is not liable for any acts or omissions of their agents or employees committed outside the scope of their employment.

### TWENTY-SIXTH DEFENSE

3M owed no duty to Plaintiffs.

## **TWENTY-SEVENTH DEFENSE**

The proximate cause of any injury sustained by Plaintiffs was an event or incident which was not legally foreseeable by 3M, and, therefore, 3M has no legal liability for any of Plaintiffs' damages.

## **TWENTY-EIGHTH DEFENSE**

An independent, intervening, and/or superseding event or other negligence prevents any recovery by Plaintiffs against 3M.

## **TWENTY-NINTH DEFENSE**

The Plaintiffs' claims are barred by the Plaintiffs' contributory negligence, assumption of risk, and failure to mitigate damages.

## **THIRTIETH DEFENSE**

Plaintiffs are barred from recovering any damages by virtue of the fact that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged to Plaintiffs without substantially impairing the usefulness or intended purpose of the product.

## **THIRTY-FIRST DEFENSE**

The damages sought are too speculative and remote.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims violate the due process provisions of the United States Constitution to the extent that they seek to deprive Defendant of procedural and substantive safeguards, including traditional defenses to liability.

## THIRTY-THIRD DEFENSE

The Plaintiffs' claim for attorneys' fees is barred because Defendant has not acted in a manner that gives rise to a claim for attorneys' fees or for the expenses of litigation.

## THIRTY-FOURTH DEFENSE

Plaintiffs are not-for-profit business and therefore cannot recover any alleged lost profits.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims for punitive damages are barred in whole or in part by the Due Process Clause of the United States Constitution and Ala. Code § 6-11-*20 et seq*.

## THIRTY-SIXTH DEFENSE

Punitive damages are penal in nature, yet defendants in civil actions are not accorded the same procedural safeguards accorded to criminal defendants under the federal and/or state constitution, including, without limitation, requiring proof

beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

## THIRTY-SEVENTH DEFENSE

3M is entitled to any and all defenses, criteria, standards and constitutional protections enunciated by the United States Supreme Court, including in *BMW of North America v. Gore, Inc.*, 116 S. Ct. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

## THIRTY-EIGHTH DEFENSE

The imposition of punitive damages would violate Defendant's rights under the Fifth Amendment to the United States Constitution, the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, and Article I, Sections 1, 6, and 22 of the Alabama Constitution because Alabama law allows for the imposition of punitive damages in an arbitrary and capricious manner, does not provide adequate notice to Defendant of the severity of the award, and is not rationally related to any legitimate government interest.

## THIRTY-NINTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Alabama Constitution because the procedures under Alabama law for awarding punitive damages do not provide specific standards on which the award may be based and permit different awards for the same or similar acts.

## FORTIETH DEFENSE

Alabama law permitting the imposition of punitive damages is unconstitutionally vague because there are no specific standards by which such an award is made.

## FORTY-FIRST DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clause of the United States Constitution and Article I, Sections 1, 6, and 22 of the Alabama Constitution because the procedures for such an award do not provide for a reasonable limit on the amount of the award.

## FORTY-SECOND DEFNSE

The imposition of punitive damages in this case would violate the Due Process Clause of the United States Constitution and Article I, Section 1, 6, and 22 of the Alabama Constitution because a defendant is not given notice of the conduct that

would subject the defendant to punishment or the severity of the penalty that may be imposed solely by the unbridled discretion of the jury.

### FORTY-THIRD DEFENSE

Defendant asserts that an award of punitive damages may not exceed the limits imposed under Ala. Code § 6-11-21, as amended.

### FORTY- FOURTH DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to 3M in this case.

### FORTY-FIFTH DEFENSE

Defendant asserts that punitive damages may not be imposed for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee, or servant under Ala. Code § 6-11-27.

### FORTY-SIXTH DEFENSE

Plaintiffs cannot allege a private nuisance claim, since any injurious effects caused by 3M's alleged actions would be to the public at large and not limited to a few individuals as required by a private nuisance claim.

### FORTY-SEVENTH DEFENSE

Plaintiffs' claims are preempted, in whole or in part, by applicable federal or state law and regulations.

## FORTY-EIGHTH DEFENSE

At all times during the conduct of its corporate operations, the agents, servants, and/or employees of 3M used proper methods in designing, testing, and manufacturing its products in conformity with federal and state regulations, standards, specifications, and laws in effect; the available knowledge and research of the scientific and industrial communities; the generally recognized and prevailing industry standards; and the state of the art in existence at the time the design was prepared and the products, materials, and/or equipment manufactured and tested.

## FORTY-NINTH DEFENSE

The Plaintiffs' claims against 3M are barred, in whole or in part, because 3M's conduct was in accordance with the applicable standards of care under all laws, regulations, and industry practice.  3M acted in a reasonable manner and in good faith.

## FIFTIETH DEFENSE

The Plaintiffs' claims against 3M are barred, in whole or in part, because neither the Plaintiffs' person nor property has been damaged, and because the economic loss doctrine bars the Plaintiffs' claims.

## FIFTY-FIRST DEFENSE

The Plaintiffs' claim for trespass against 3M is barred because 3M did not interfere with the Plaintiffs' property, and/or any alleged interference was de minimis, and because Plaintiffs cannot show damage to the *res* as a result of the acts or omissions of 3M.

## FIFTY-SECOND DEFENSE

The claims against 3M fail because there was no intentional act by 3M that would support a claim for trespass.

## FIFTY-THIRD DEFENSE

Plaintiffs fail to state a claim for either direct or indirect trespass under Alabama law.

## FIFTY-FOURTH DEFENSE

Plaintiffs' claim of trespass is barred because Plaintiffs consented to the entry of water onto its property.

## FIFTY-FIFTH DEFENSE

Plaintiffs' claim of wantonness is barred because Plaintiffs have failed to plead that it was owed a duty by 3M – an essential element of a wantonness claim under Alabama law.

## FIFTY-SIXTH DEFENSE

Plaintiffs' claims are, or may be, barred under the doctrine of primary jurisdiction and the failure of Plaintiffs to exhaust all administrative remedies.

## FIFTY-SEVENTH DEFENSE

3M denies that any of their actions were willful, wanton, malicious or reckless.

## FIFTY-EIGHTH DEFENSE

The Complaint and each purported cause of action therein are barred because the utility of the conduct of which Plaintiffs complain outweighs any alleged harm to Plaintiffs.

## FIFTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to allege a feasible or reasonable alternative design for PFOA, PFOS or products containing such substances that were manufactured or sold by 3M.

## SIXTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the Plaintiffs seek to relatively impose liability for conduct that was not actionable at the time it occurred, and 3M may not be held liable under retroactive theories not requiring proof of fault or causation.

## SIXTY-FIRST DEFENSE

At all times relevant hereto, the state of the medical, industrial, and scientific arts was that there was no generally accepted or recognized knowledge of any unsafe, inherently dangerous, hazardous, or defective character or nature of PFOA or PFOS, so that there was no duty by 3M to know of any such character or nature or to warn Plaintiffs or others similarly situated, and that, to the extent such duty arose, adequate warnings either were given or were not necessary under all circumstances.

## SIXTY-SECOND DEFENSE

3M gives notice that it intends to rely upon such other defenses as may be available or appear during discovery proceedings in this case and hereby reserves the right to amend its Answer and assert any such defense.

/s/ *W. Larkin, Radney, IV*

One of the Attorneys for
Defendant 3M Company

Of Counsel:

Harlan I. Prater, IV
*hprater@lightfootlaw.com*
M. Christian King
*cking@lightfootlaw.com*
W. Larkin Radney, IV
*lradney@lightfootlaw.com*
Wesley B. Gilchrist
*wgilchrist@lightfootlaw.com*

LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL  35203-3200
(205) 581-0700

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of June, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all registered counsel.  I hereby certify that I will serve the foregoing via electronic mail and/or U.S. Mail to all non-ECF participants.

/s/ *W. Larkin Radney, IV*
Of Counsel