IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **BRIDGETT WATSON ADAMS, et al.** **Plaintiffs,** v. **3M COMPANY, and FICTITIOUS DEFENDANTS A-J,** those persons, corporations, partnerships or entities who acted either as principal agent, for or in concert with the other named Defendants and/or whose acts caused or contributed to the damages sustained by the Plaintiffs, whose identifes are unknown to the Plaintiff, but which will be substituted by amendment when ascertained, **Defendants.** | **CASE NO. 4:24-cv-832-CLM** |

## AMENDED NOTICE OF REMOVAL

Defendant 3M Company ("3M"), by and through undersigned counsel, hereby files an amended notice of the removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, from the Circuit Court for the Sixteenth Judicial Circuit, Etowah County, Alabama, to the United States District Court for the Northern District of Alabama, Middle Division. 3M is entitled to remove this action based on diversity jurisdiction under 28 U.S.C. § 1332(a). In the alternative, 3M is also entitled to remove this action as a "mass action" under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). As grounds for removal, 3M alleges as follows:

2

## PRELIMINARY STATEMENT

1. Plaintiffs seek to hold 3M liable based on its alleged conduct in designing, marketing, developing, manufacturing, distributing, selling, and supplying per- and polyfluoroalkyl substances ("PFAS"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonic acid ("PFOS"), and PFAS-containing products.

2. Plaintiffs allege that 3M manufactured PFAS and/or PFAS-containing products at its Decatur, Alabama manufacturing facility. (*E.g.*, Compl. ¶¶ 6.) Plaintiffs further allege that 3M "designed, marketed, developed, manufactured, distributed, sold, and then supplied" such products "to the carpet manufacturers in Dalton, Georgia," that the products were "used by those companies' manufacturing processes," and that they "eventually end[ed] up contaminating Plaintiffs' water supply and properties situated in Etowah County, Alabama." (*Id.* ¶ 9.) According to Plaintiffs, "industrial wastewater from those carpet facilities in Dalton, Georgia" allegedly has been identified as the source of PFAS allegedly "leaching into the Conasauga River," which is a tributary of the Coosa River, from which The Water Works and Sewer Board for the City of Gadsden ("Gadsden Water") draws water "to provide drinking water directly to the Plaintiffs." (*Id.* ¶¶ 15-16.)

3. The Complaint includes over six hundred Plaintiffs, and alleges that they "are residents of Etowah County, Alabama," and "at all times pertinent to this

3

suit, are or have been customers of [Gadsden Water]." (*Id.* ¶ 1.) The Complaint alleges that "levels of [PFAS] found in Plaintiffs' water supply are . . . harmful to those property owners who have used the contaminated water gardening, cooking, and/or cleaning," (*id.* ¶ 22), and that Plaintiffs "have been and continue to be exposed to [PFAS] when they consume the contaminated water" (*id.* ¶ 19).

  4. The Complaint identifies various forms of relief sought by Plaintiffs, including compensatory damages, punitive damages, and injunctive relief. According to the Complaint: "Plaintiffs bring this action seeking monetary damages against Defendant 3M and Fictitious Defendants for contaminating the water source that provides drinking water directly to the Plaintiffs. Plaintiffs further bring this action seeking monetary damages for mental anguish and emotional distress due to Plaintiffs' exposure to such harmful chemicals as a result of the Defendants' acts or omissions. Plaintiffs further bring this action seeking an award of monetary damages sufficient to compensate Plaintiffs for damages to real property, loss of use of property, out-of-pocket expenses and reasonably ascertainable future expenses. Plaintiffs further bring this action seeking the imposition of punitive damages against the Defendants to punish them for their activities and omissions, and to further deter future conduct of the sort alleged in the Complaint. Plaintiffs further bring this action seeking an injunction that would require the Defendants to prevent

the harmful chemicals from continuing to come onto the Plaintiffs' properties." (*Id.* ¶ 25; *see also id.*, pp. 22-23 (Prayer For Relief).)

5. 3M is entitled to remove this action because diversity jurisdiction exists under 28 U.S.C. § 1332(a), which provides for removal where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. There is complete diversity between Plaintiffs, who are citizens of Alabama, and 3M, a citizen of Minnesota and Delaware. Moreover, the amount in controversy exceeds the jurisdictional minimum under § 1332(a). In the alternative, 3M is entitled to remove this action as a "mass action" under CAFA. *See* 28 U.S.C. § 1332(d)(11).

## BACKGROUND

6. This action was filed on July 17, 2024 in the Circuit Court for the Sixteenth Judicial Circuit, Etowah County, Alabama, bearing Case No. 31-CV-2024-900250.00. (Ex. A, Complaint.) Venue is proper in this Court pursuant to 28 U.S.C. §§ 81(a)(6) and 1441(a) because the Circuit Court for the Sixteenth Judicial Circuit, Etowah County, Alabama, is located within the Northern District of Alabama, Middle Division.

7. 3M has not been served with the Complaint. Removal is timely under 28 U.S.C. § 1446(b).

8.     Plaintiffs allege that 3M manufactured PFAS and/or PFAS-containing products at its Decatur, Alabama manufacturing facility. (*E.g.*, Compl. ¶¶ 6.) Plaintiffs further allege that 3M "designed, marketed, developed, manufactured, distributed, sold, and then supplied" such products "to the carpet manufacturers in Dalton, Georgia," that the products were "used by those companies' manufacturing processes," and that they "eventually end[ed] up contaminating Plaintiffs' water supply and properties situated in Etowah County, Alabama." (*Id.* ¶ 9.) Plaintiffs allege that they "are residents of Etowah County, Alabama" (*id.* ¶ 1), and have suffered "mental anguish and emotional distress due to Plaintiffs' exposure to such harmful [PFAS] chemicals," as well as "damages to real property, loss of use of property, [and] out-of-pocket expenses" (*id.* ¶ 25).

9.     Plaintiffs assert claims against 3M for negligence (*id.* ¶¶ 26-31), nuisance (*id.* ¶¶ 32-37), trespass (*id.* ¶¶ 38-44), battery (*id.* ¶¶ 45-51), strict liability – abnormally dangerous activity (*id.* ¶¶ 52-58), and wantonness and punitive damages (*id.* ¶¶ 59-63). Plaintiffs seek compensatory damages, punitive damages, and injunctive relief. (*See*, *e.g.*, *id.* ¶ 25; *see also id.*, pp. 22-23 (Prayer for Relief).)

10.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all parties to this action, and a copy is being filed with the Clerk of the Circuit Court for the Sixteenth Judicial Circuit, Etowah County, Alabama.

11. By filing a Notice of Removal in this matter, 3M does not waive the right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue; and 3M specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

12. 3M reserves the right to amend or supplement this Notice of Removal.

## REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

13. Removal here is proper under 28 U.S.C. § 1332(a), which provides for removal where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states.

**A.  The Amount in Controversy Requirement is Satisfied**

14. The amount in controversy requirement of 28 U.S.C. § 1332 is satisfied in this action. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). Although Plaintiffs do not allege a precise dollar amount in controversy and 3M denies that Plaintiffs are entitled to any monetary or other relief, it is plain that the amount in controversy here is in excess of the jurisdictional minimum. *See Roe v. Michelin N. Am., Inc.*, 637 F.Supp.2d 995, 999 (M.D. Ala. 2009), *aff'd*, 613 F.3d 1058 (11th Cir. 2013) (a court need not

"suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount").

15.   Plaintiffs allege harm to themselves and to their properties. The Complaint alleges that Plaintiffs "have suffered and continue to suffer property damages and emotional distress damages," and that they have incurred "substantial damages" related to "contamination . . . that threatens the[ir] health and well-being," "impaired . . . use of [their] property" and "diminish[ed their property] value." (Compl. ¶¶ 31, 35, 37, 44; *see also id.* ¶ 25 (seeking "monetary damages for mental anguish and emotional distress due to Plaintiffs' exposure to such harmful [PFAS] chemicals as a result of [3M's] acts or omissions," as well as "an award of monetary damages sufficient to compensate Plaintiffs for damages to real property, loss of use of property, out-of-pocket expenses and reasonably ascertainable future expenses").) Plaintiffs also seek "an injunction that would require the Defendants to prevent the [allegedly] harmful chemicals from continuing to come onto the Plaintiffs' properties." (*Id.*; *id.* at p. 22 (Prayer for Relief).)

16.   Plaintiffs also seek punitive damages. (*E.g.*, *id.* ¶ 25; *see also id.*, Count Five ("Wherefore" clause), Count Six ("Wantonness And Punitive Damages"), and p. 22 (Prayer for Relief).) "When available, punitive damages must be considered when determining the jurisdictional amount in controversy." *Thomas v. Generac Power Sys. Inc.*, 2022 WL 4091735, at *2 (11th Cir. Sept. 7, 2022). A defendant

8

need only show "that punitive damages in an amount necessary to reach the jurisdictional minimum are at issue—that is, that such damages *could* be awarded." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014). *See also*, *e.g.*, *Roe*, 637 F.Supp.2d at 999 (district court may use "its 'judicial experience and common sense' to conclude that a dispute in which the [allegedly] wanton conduct of a large company" allegedly resulted in serious harm "satisf[ies] the jurisdictional amount"); *Pullum v. Ford Motor Co.*, 2019 WL 2578948, at *2 (M.D. Ala. June 21, 2019) ("when considering claims for punitive damages against large companies, it is clear that any award that is soundly and honestly calculated to punish and deter [a large company's] wanton behavior . . . would have to be substantial") (internal quotation marks omitted) (brackets in original) (citing *Roe*, 637 F. Supp.2d at 998).

17. In light of the various injuries alleged and various forms of relief sought in the Complaint, including Plaintiffs' claim for punitive damages based on alleged wanton conduct by 3M, the amount in controversy plainly exceeds $75,000, exclusive of interests and costs.

B. **There is Complete Diversity of Citizenship**

18. The Complaint (¶ 1) alleges that the Plaintiffs all "are residents of Etowah County, Alabama, and at all times pertinent to this suit, are or have been customers of The Water Works and Sewer Board for the City of Gadsden." Each individual Plaintiff is a citizen of Alabama. There is one corporate Plaintiff, Shiloh

9

Baptist Church, Inc., which is incorporated under the laws of the State of Alabama and has its principal and only place of business in Alabama. Shiloh Baptist Church, Inc. is therefore a citizen of the State of Alabama.

19. The Complaint alleges that 3M is a "foreign corporation." (*Id.* ¶ 2.) 3M is a Delaware corporation with its principal place of business in Minnesota. Accordingly, 3M is a citizen of Delaware and Minnesota.

20. The presence of fictitious defendants does not affect the diversity analysis. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also*, *e.g.*, *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").

21. Because Plaintiffs are citizens of Alabama and 3M is a citizen of Delaware and Minnesota, complete diversity exists.

22. Accordingly, this case is removable based on diversity jurisdiction under 28 U.S.C. § 1332(a).

**IN THE ALTERNATIVE, THIS CASE IS REMOVABLE AS A "MASS ACTION" UNDER CAFA**

23. The "mass action" provision of CAFA provides a separate and independent ground for removal of this action.

10

24. Under 28 U.S.C. § 1332(d)(11)(A), "[f]or purposes of this subsection and section 1453, a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs." And under § 1332(d)(11)(B)(i), a "mass action" means "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . . ." Accordingly, as the Eleventh Circuit has recognized, CAFA provides that district courts have jurisdiction over a "mass action" removed from state court when the following requirements are met: "(1) an amount in controversy requirement of an aggregate of $5,000,000 in claims; (2) a diversity requirement of minimal diversity; (3) a numerosity requirement that the action involve the monetary claims of 100 or more plaintiffs; and (4) a commonality requirement that the plaintiffs' claims involve common questions of law or fact." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

### A. The Numerosity Requirement is Satisfied

25. The numerosity requirement of § 1332(d)(11)(B)(i) is clearly satisfied. The Complaint is brought on behalf of over six hundred Plaintiffs. Compl. ¶ 1.

### B. The Minimal Diversity Requirement is Satisfied

26. The minimal diversity requirement is met if "*any* member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C.

11

§ 1332(d)(2)(A) (emphasis added); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1193 n.24 (11th Cir. 2007) (noting that under the "'minimal diversity' requirement . . . only one member of the plaintiff class . . . must be diverse from any one defendant").

27.  As discussed *supra* at ¶ 18, the Complaint (¶ 1) alleges that the Plaintiffs all "are residents of Etowah County, Alabama, and at all times pertinent to this suit, are or have been customers of [Gadsden Water]." The Complaint also alleges (*id.* ¶ 2) that 3M is a "foreign corporation," and as discussed *supra* at ¶ 19, 3M is a citizen of Delaware and Minnesota. Here, the minimal diversity requirement is satisfied if *any one* of the over six hundred Plaintiffs is a citizen of Alabama (or, for that matter, of any state other than Delaware and Minnesota). Moreover, one of the Plaintiffs, Shiloh Baptist Church, Inc., is a corporation incorporated under the laws of the State of Alabama and has its principal and only place of business in Alabama. Shiloh Baptist Church, Inc. is therefore a citizen of the State of Alabama. The minimal diversity requirement for removal under CAFA is plainly satisfied here. *See also supra* at ¶ 18.

C.  **The Amount in Controversy Requirement is Satisfied**

28.  Under CAFA, the amount in controversy must exceed five million dollars ($5,000,000), exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). And again, the Supreme Court has made clear that "a defendant's notice of removal

12

need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89; *see also, e.g.*, *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. In that sense, the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover.") (citations and internal quotation marks omitted); 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). For actions removed under CAFA, the $5,000,000 amount in controversy threshold is measured in the aggregate. *Lowery*, 483 F.3d at 1205. And as the Eleventh Circuit has recognized, the Court may also consider claims for punitive damages as part of the jurisdictional amount. *See, e.g.*, *Thomas*, 2022 WL 4091735, at *2 ("When available, punitive damages must be considered when determining the jurisdictional amount in controversy."); *see also supra* at ¶ 16.

29. Here, the amount in controversy in this action exceeds five million dollars ($5,000,000) in the aggregate. The Complaint seeks compensatory damages on behalf of *over six hundred* Plaintiffs, alleging that they "bring this action seeking monetary damages" against 3M "for contaminating the water source that provides drinking water directly to the [them]." (Compl. ¶ 25.) Plaintiffs allege that they "have been caused to suffer substantial damages" as a result of "contamination" of their

13

water supply that "threatens the[ir] health and well-being" (*id.* ¶¶ 35, 37) and seek, among other relief, "monetary damages for mental anguish and emotional distress due to Plaintiffs' exposure to such [allegedly] harmful chemicals as a result of [3M's] acts or omissions," as well as "an award of monetary damages sufficient to compensate Plaintiffs for damages to real property, loss of use of property, out-of-pocket expenses and reasonably ascertainable future expenses." (*Id.* ¶ 25; *see also*, *e.g.*, *id.* ¶¶ 31, 35, 44.) And as noted above, Plaintiffs seek "an injunction that would require the Defendants to prevent the harmful chemicals from continuing to come onto the Plaintiffs' properties" (*id.* ¶ 25; *see also id.* at p. 22 (Prayer for Relief)), as well as punitive damages based on 3M's allegedly wanton conduct. (*Id.* ¶ 25; *see also id.*, Count Five ("Wherefore" clause), Count Six ("Wantonness And Punitive Damages"), and p. 22 (Prayer for Relief).)

30.   Given the compensatory damages sought and the sheer number of Plaintiffs named in the Complaint (over six hundred), it is apparent based on the compensatory damages claims alone that the aggregate amount in controversy is greater than five million dollars ($5,000,000), exclusive of interest and costs. And the fact that the CAFA jurisdictional minimum is satisfied is made even more clear when Plaintiffs' claim against 3M for "wantonness and punitive damages" is considered. *See*, *e.g.*, *McDaniel*, 568 F.App'x at 731 ("CAFA's amount in controversy requirement satisfied where a potential award of punitive damages could

be high enough to reach the jurisdictional minimum") (citing *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir.2011)); *Roe*, 637 F.Supp.2d at 999 (district court may use "its 'judicial experience and common sense' to conclude that a dispute in which the [alleged] wanton conduct of a large company" allegedly resulted in serious harm "satisf[ies] the jurisdictional amount"); *Pullum*, 2019 WL 2578948, at *2 (when "considering claims for punitive damages against large companies, it is clear that any award that is soundly and honestly calculated to punish and deter [a large company's] wanton behavior . . . would have to be substantial") (internal quotation marks omitted) (brackets in original) (citing *Roe*, 637 F. Supp.2d at 998).

31.     Accordingly, although 3M denies that Plaintiffs are entitled to recover any amount, and denies that Plaintiffs are entitled to any of the relief sought, the amount in controversy requirement for removal under CAFA is satisfied.

**D.     The Commonality Requirement is Satisfied**

32.     Finally, the "commonality requirement that the plaintiffs' claims involve common questions of law or fact" (*Pretka*, 608 F.3d at 751) is satisfied here by Plaintiffs' Complaint. Under Alabama's permissive joinder rule (Ala. R. Civ. P. 20), "persons may join in one action as plaintiffs" *only* "if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences *and if any question*

15

*of law or fact common to all these persons will arise in the action*." (Emphasis added.) Here, the over six hundred Plaintiffs have joined together to file a single complaint, and their Complaint alleges no facts to distinguish one Plaintiff from another. (*See, e.g.*, Compl. ¶ 1). To the contrary, the Complaint asserts the same causes of action against 3M on behalf of all of the Plaintiffs based on the same allegation that water supplied to them by Gadsden Water was contaminated with PFAS from the same sources (including 3M). Plaintiffs also "demand *a* trial of this action by *a* struck jury" (*id.*, p. 23 (Jury Demanded) (emphases added)), and the "Wherefore" clause of each Count of their Complaint "demand[s]" one "judgment." Thus, Plaintiffs' own Complaint establishes that the "commonality requirement" for removal of a "mass action" under 28 U.S.C. § 1332(d)(11)(B)(i) is met. *See, e.g.*, *Scimone v. Carnival Corp.*, 720 F.3d 876, 881 (11th Cir. 2013) ("At a minimum, what is clear from the statute's text and structure is that the plaintiffs can propose a joint trial, either *by naming 100 or more plaintiffs in a single complaint* or by their litigation conduct at any time prior to defendants' removal of their action to federal court") (emphasis added); *Adams v 3M Co.*, 65 F.4th 802, 803-05 (6th Cir. 2023) (noting that complaints at issue "sought 'a trial by jury' and a singular 'judgment,' not multiple jury trials and multiple judgments" and explaining that "[e]very circuit to consider the question agrees" that "[w]here a single complaint joins more than 100 separate claims involving common questions of law and fact, there is a

presumption that those plaintiffs have implicitly proposed a joint trial") (citing, among other cases, *Scimone*, 720 F.3d at 881-82); *Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008) ("The district court concluded that one complaint implicitly proposes one trial. Illinois, where this complaint was filed, allows the joinder of multiple plaintiffs in a single suit only where the claims arise out of 'the same transaction or series of transactions' and 'common questions of law or fact' are present. . . . It does not matter whether a trial covering 100 or more plaintiffs actually ensues; the statutory question is whether one has been proposed. This complaint, which describes circumstances common to all plaintiffs, proposes one proceeding and thus one trial.").

33. Because all of the requirements for removal of a "mass action" under CAFA are satisfied, this case is subject to removal to federal court.

WHEREFORE, 3M hereby removes this action from the Circuit Court for the Sixteenth Judicial Circuit, Etowah County, Alabama, to this Court.

DATED: August 30, 2024

> */s/ W. Larkin Radney, IV*
> One of the Attorneys for
> Defendant 3M Company

**OF COUNSEL:**
M. Christian King
Harlan I. Prater, IV
W. Larkin Radney, IV
Wesley B. Gilchrist
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700
cking@lightfootlaw.com
hprater@lightfootlaw.com
lradney@lightfootlaw.com
wgilchrist@lightfootlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **August 30, 2024**, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notice of such filing to all counsel of record, and that a copy was served via U.S. Mail to the following:

Donald W. Stewart
W. Taylor Stewart
STEWART & STEWART
1021 Noble Street, Suite 110
Anniston, Alabama 36201

/s/ W. Larkin Radney, IV
One of the Attorneys for
Defendant 3M Company