## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**BRIDGETT WATSON ADAMS**,
**et al.,**
     Plaintiffs,

**v.**

**3M COMPANY,**
     Defendant.

**Case No. 4:24-cv-832-CLM**

## SHOW CAUSE ORDER

The court recently granted 3M's Rule 12(c) motion for judgment on the pleadings but said it would give Plaintiffs one more chance to amend their complaint. (Doc. 41). The court did not, however, give Plaintiffs a deadline to file that amendment because Plaintiffs must respond to this order first.

While reviewing the parties' briefs on 3M's Rule 12(c) motion, the court noticed that Plaintiffs' opposition (doc. 39) was riddled with misquotes, false quotes, strained case interpretations, and citations that seem to have been outright fabricated. You could call some of the errors 'ticky-tack' if you viewed them in isolation. But considering the volume of the errors—and the number of fabrications—the court struggles to overlook any of them. Instead, the court highlights nine errors below.

### A. Hallucinated Citations

The court starts with caselaw that seems to have been fabricated.

1. On page 11 of the opposition, Plaintiffs tell the court that "*Adams v. 3M Co.*, 67 F.4th 845, 853-55 (6th Cir. 2023)" describes "allegations that 3M and other manufacturers supplied PFAS over decades, leading to ongoing contamination and continuing injuries to residents." (Doc. 39, p. 11). Two problems. First, typing that cite into Westlaw led the court to *DayCab Co., Inc. v. Prairie Tech., LLC*, 67 F.4th 837 (6th Cir. 2023), a trademark case about conversion kits for tractor-trailers—not about 3M or PFAS. Second, the court was able to find a 2023 Sixth Circuit case called "*Adams v. 3M Co.*" at 65 F.4th

802. But that case involved coal miners suing 3M and others over respirators; it had nothing to do with PFAS. So it seems that someone—either Plaintiffs' counsel or an AI platform—hallucinated the page 11 parenthetical that, in *Adams v. 3M Co.,* the Sixth Circuit described 3M's decades-long supply of PFAS causing continuing injuries to residents.

2. Similarly, on page 12, Plaintiffs tell the court that "*Jarrod Johnson v. Water Light & Sinking Fund Comm'n of the City of Dalton*, 74 F.4th 1308, 1313–17 (11th Cir. 2023)" discusses "standing based on ongoing PFAS contamination of water used at plaintiffs' properties." (Doc. 39, p. 12). But Plaintiffs' citation led the court to a criminal case from the Tenth Circuit: *United States v. Kepler*, 74 F.4th 1292 (10th Cir. 2023). The court found a case featuring "Jarrod Johnson" from 2022: *Johnson v. 3M Co.*, 55 F.4th 1304 (11th Cir. 2022). But that case does not discuss standing "based on ongoing PFAS contamination of water used at plaintiffs' properties" as Plaintiffs say in their brief. It instead says that Dalton Utilities doesn't have municipal liability under Georgia law for nuisance claims brought by Rome, Georgia residents who contend that they've been harmed by PFAS contamination in their drinking water. So again, someone fabricated the cite and parenthetical.

## B. Wrong interpretations of real cases

The court now turns to real cases, wrongly read.

1. To support their plea for "an opportunity to amend before any dismissal with prejudice," Plaintiffs cited the Eleventh Circuit's opinion in *Cook v. Randolph Cty.*, 573 F.3d 1143, 1150-51 (11th Cir. 2009). (Doc. 39, pp. 4, 22). *Cook* exists at the citation given. But *Cook* had nothing to with Rule 15 giving plaintiffs a chance to amend a complaint dismissed under Rule 12. Instead, *Cook* stemmed from the district court's denial of a motion to remand and grant of summary judgment on all claims.

2. To avoid the statute of limitations, Plaintiffs cited "*Payton v. Monsanto Co.*, 801 So. 2d 829, 835-36 (Ala. 2001)" for the proposition that, under Alabama law, "toxic-tort claims accrue when the plaintiff suffers legally cognizable injury and has, or should have, knowledge of that injury." (Doc. 39, p.7). That case is real, and it does support the first part of Plaintiffs' parenthetical. But as for the second half, the state supreme court held the opposite: "[t]he fact

that a plaintiff discovers damage for the first time outside the limitations period does not save the plaintiff, because this Court has declined to apply a 'discovery rule.'" *Payton*, 801 So. 2d at 835.

3. In their brief, 3M cited *Southern Bakeries, Inc. v. Knipp*, 852 So.2d 712 (Ala. 2002) to argue that Plaintiffs cannot recover emotional distress damages because they failed to allege facts that would first prove personal injury or illness. Consistent with 3M's use, the state supreme court held in *Knipp* that oven removers could not sue a company for emotional distress after the company had the plaintiffs remove an oven containing asbestos because the plaintiffs had yet to suffer any physical injury. Our Plaintiffs brushed *Knipp* aside by claiming that it "dealt with economic expectations related to a union boycott and business losses, not physical contamination of property or personal exposure injuries. 852 So. 2d at 718-21." (Doc. 39, p.17). That sentence is wrong for many reasons. First, *Knipp* had nothing to do with "a union boycott"; the word "union" appears only in a case citation and "boycott" never appears. Second, *Knipp* absolutely "dealt with . . . personal exposure injuries." And third, Plaintiffs' pinpoint cite (pages 718 to 721) cuts across the opinion's conclusion into a concurrence, which makes little sense in the context of how Plaintiffs use it.

### C. False quotes

Now for some of Plaintiffs' quotes that aren't quotes:

| Cite | Plaintiffs' Quote | Actual Quote |
|---|---|---|
| *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) | Statute-of-limitations defenses are typically fact-intensive and "are not ordinarily grounds for Rule 12 dismissal unless it is apparent from the face of the complaint that the claim is time-barred." (Doc. 39, p. 4) | "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred." (quotations omitted). |

3

| | | |
|---|---|---|
| *Ex parte Abbott Lab'ys*, 342 So. 3d 186, 194 (Ala. 2021) | "A cause of action accrues and the running of the limitations period begins when the party in whose favor it arises is entitled to maintain an action thereon."<br><br>(Doc. 39, pp. 5-6) | "The statute of limitations begins to run when the cause of action accrues, which this Court has held is the date the first legal injury occurs. A cause of action accrues as soon as the claimant is entitled to maintain an action, regardless of whether the full amount of the damage is apparent at the time of the first legal injury." (quotations and citations omitted). |
| *Ex parte McKesson Corporation*, 393 So. 3d 1180, 1201 (Ala. 2023) | "When repeated tortious conduct has repeatedly and continuously injured a plaintiff, the running of the statutory period of limitations is tolled until the tortious conduct ceases."<br><br>(Doc. 39, p. 10) | "This Court has used the term 'continuous tort' to describe a defendant's repeated tortious conduct which has repeatedly and continuously injured a plaintiff." *Ex parte McKesson*, 393 So. 3d at 1200 (emphasis omitted). |
| *Moon v. Harco Drugs, Inc.*, 435 So. 2d 218, 220 (Ala. 1983) | A continuing tort exists where "the wrongful conduct is repeated, and so long as it continues, the cause of action accrues, and the statute of limitations does not begin to run until the tortious conduct ceases."<br><br>(Doc. 39, p. 10) | Unknown.<br><br>No similar quote exists, and Westlaw Quick Check was "unable to find quotations matching to authority on Westlaw." |

4

—

The court could go on, but the point is made, and both the court and its clerks have spent *far* too many hours charting these errors and trying to determine their origin.

## CONCLUSION

The court **ORDERS** Plaintiffs' counsel to show cause why she should not be sanctioned for these errors. Specifically, the court orders counsel to explain how each error described above occurred. For example, did counsel personally make up the *Adams* and *Jarrod Johnson* citations, or did she use an AI platform that made them up? Did counsel read *Knipp* and falsely tell the court that it involved a union boycott, or did she have AI generate a response and blindly paste it? Both scenarios are sanctionable, but the repercussions differ. Above all, as an officer of the court, counsel needs to respond truthfully.

Plaintiffs' response to this order must be filed by **May 1, 2026**. The court will determine whether to schedule a hearing after it reviews counsel's response. Plaintiffs' deadline to file their amended complaint is **STAYED** pending the court's decision on the show cause order.

**Done** and **Ordered** on April 20, 2026.

_____

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE