FILED

2026 Apr-30  PM 01:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**BRIDGETT WATSON ADAMS, et al.,**

**Plaintiffs,**

**v.**                                       **Case No. 4:24-cv-00832-CLM**

**3M COMPANY,**

**Defendant.**

## <u>PLAINTIFFS' COUNSEL'S RESPONSE TO SHOW CAUSE ORDER</u>

Plaintiffs' counsel, Dagney Johnson, respectfully submits this Response to the Court's Show Cause Order (Doc. 43) and states as follows:

1. Counsel acknowledges the seriousness of the concerns identified by the Court in its Show Cause Order regarding Plaintiffs' Opposition to Defendant 3M Company's Rule 12(c) Motion (Doc. 39).

2. Counsel sincerely apologizes to the Court for filing a brief that contained inaccurate citations, incorrect descriptions of authority, and quotation errors. Counsel further apologizes for the time and attention the Court and its staff were required to devote to identifying and assessing those errors.

3. Counsel accepts full responsibility for filing the brief in the form in which it was submitted. The duty to ensure the accuracy of legal authority presented to the Court rests with counsel, and counsel recognizes that duty is personal and non-delegable.

4. The errors identified by the Court were not made intentionally, were not submitted in bad faith, and were not the result of any deliberate attempt to mislead the Court. They resulted from counsel's reliance during the drafting process on AI-assisted research and summary tools, together with counsel's failure to independently verify every citation, quotation, and parenthetical before filing and an inadvertent inclusion of written sections that had been previously stricken during the revisions of the brief.

5. In undertaking this representation, counsel was handling a matter involving legal issues and briefing demands of greater length and technical complexity than those more commonly presented in counsel's usual practice. Counsel's practice is primarily focused in domestic relations and criminal court having very limited need for extensive briefs of case law.  In the course of preparing the opposition brief, counsel relied in part on research memoranda, summaries, and draft material compiled from multiple sources, including AI-assisted tools used to generate research summaries, case descriptions, and draft language.

6. Counsel had not previously used AI-assisted legal research and drafting in other matters and did not fully appreciate the extent to which such tools could generate inaccurate citations, nonexistent authorities, altered quotations, or incorrect descriptions of actual holdings.

7. During the final preparation of the opposition brief, counsel was out of town for the Christmas holiday and working under time constraints. Counsel offers that circumstance only as context and not as justification. Counsel had identified certain material in draft form that appeared problematic and had intended that such material be removed before filing. Despite making the corrections in earlier drafts some of that material was inadvertently included in the final assembled version of the brief that was submitted. Counsel recognizes that it was her responsibility to ensure that all revisions and corrections were fully implemented before filing.

8. With respect to the specific errors identified in the Court's Show Cause Order, counsel states as follows:

a. The hallucinated citations referenced by the Court were not intentionally fabricated by counsel. They originated from AI-assisted research and were identified by counsel and stricken from early drafts of the brief.  Despite these corrections, the inaccurate information was once again included during the final assembly of the document.  Counsel failed to verify that the final submission contained the entirety of her revisions.

b. The inaccurate parentheticals and misstatements of case holdings resulted from counsel's reliance on AI-generated or AI-assisted summaries that counsel did not adequately confirm by personally reviewing the cited authorities with sufficient care before submission.

c. The quotation errors identified by the Court resulted from counsel's reliance on AI-assisted text for purported quotation language and counsel's failure to ensure that each quotation was checked directly against the underlying opinion before filing.

9. Counsel is deeply troubled and embarrassed that these errors appeared in a filing submitted to this Court and understands the Court's concern and does not minimize the seriousness of the matter.

10. Counsel respectfully represents that there was no intent to defraud, deceive, or improperly influence the Court. The failures at issue were the product of naivete, negligence, poor judgment, and inadequate verification, not willful misconduct or bad-faith dishonesty.

11.    Counsel has spoken with Defendant's counsel and apologized directly to for these misrepresentations and expressed to them that this was an error, not intentional and not a representation of who she is or how she intends to represent clients.

12. Counsel has taken and will continue to take corrective action to ensure that this does not recur. Those measures include:

a. discontinuing reliance on AI-generated citations, quotations, and parentheticals in any filing;

b. implementing a mandatory verification process requiring personal confirmation of every cited case, reporter citation, court, year, pinpoint citation, quotation, and parenthetical;

c. using original source opinions and conventional legal research databases for final authority review before filing; and

d. adopting a pre-filing checklist to confirm the accuracy of all authorities and quotations in every submission.

13. Counsel respectfully asks the Court to consider the following in determining whether and to what extent sanctions are appropriate: counsel's acknowledgment of responsibility; counsel's candor in explaining how the errors occurred; the absence of any intent to deceive the Court; and counsel's prompt implementation of corrective measures designed to prevent any recurrence.

14. Counsel sincerely apologizes to the Court and assures the Court that this matter has been taken with the utmost seriousness and that counsel will endeavor to ensure that no similar failure occurs again.

WHEREFORE, counsel respectfully requests that the Court consider this response, find that the errors at issue were the result of negligence rather than bad faith or intentional misconduct, and impose no sanction or only such limited remedial sanction as the Court deems appropriate.

Respectfully submitted,

/s/ Dagney Johnson
Dagney Johnson (JOH180)

Attorney for Plaintiffs

OF COUNSEL:
DAGNEY JOHNSON LAW GROUP
2120 1st Avenue North
Birmingham, Alabama 35203
Telephone: (205) 974-4860
Email: dagney@dagneylawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on this  30th day of April, 2026, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

_/s/ Dagney Johnson_
Dagney Johnson